IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LOLITA Y. GOOD-LEWIS,<br>　　　Plaintiff, | )<br>)<br>) |
| vs. | ) CASE NO.: 2:20-cv-412<br>) |
| GARY COMMUNITY SCHOOL<br>CORPORATION,<br>　　　Defendant. | )<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action brought by Plaintiff, Lolita Y. Good-Lewis, by counsel, against Defendant Gary Community School Corporation ("Defendant"), for its discriminatory actions, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

### I.　JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 USC §1331, §1343; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3) ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA")

2.　Venue is proper in the Northern District of Indiana, Hammond, Division, as the discriminatory conduct occurred in Lake County, Indiana, within the jurisdiction of the United States District Court for the Northern District of Indiana.

### II.　PARTIES

3.　Plaintiff, Lolita Good-Lewis ("Good-Lewis"), is a resident of Lake County, Indiana, and at all relevant times was Defendant's employee.

1

4.      Defendant Gary Community School Corporation, is and has at all relevant times, been an employer as that term is defined by Title VII and the ADA.

### III. ADMINISTRATIVE PROCEDURES

5.      In February 2020, Good-Lewis filed a Charge of Discrimination with the Gary Human Relations Commission., alleging race, age, and sex discrimination. The EEOC issued a Dismissal and Notice of Rights letter on August 18, 2020. (Exhibit A).

6.      Good-Lewis timely files this action within ninety (90) days of her receipt of her dismissal rights.

### IV. FACTUAL ALLEGATIONS

7.      Good-Lewis, an African-American woman, over 50 years old, is a Special Education teacher for Gary Community School Corporation.

8.      Good-Lewis has worked for Defendant since 1999.

9.      Good-Lewis has worked in Special Education for several years and she was interested in promoting and/or experiencing other roles in the corporation.

10.     Good-Lewis has a Bachelor of Arts degree in Elementary Education and a Master of Science Degree in Special Education.

11.     In the 2018/2019 school year, an Assistant Director of Special Populations position became available.

12.     Good-Lewis applied for the position and was the best qualified candidate.

13.     A younger less-qualified employee was awarded the position.

14.     Two additional vacancies for a Behavior Support Leader became available.

15.     Good-Lewis applied for the positions and was the best qualified candidate.

16. A younger non African-American male, with no teaching license at the time, who did not possess the preferred credentials cited in the job positing, was selected for the position.

17. In May 2019, Good-Lewis applied for a PBIS Lead position. Again, instead of being fairly considered, a less-qualified non African-American male was promoted to the position, with a substantial increase in salary.

18. Defendant continued to deny promotion and transfer opportunities to Good-Lewis throughout the 2018/2019 school year and 2019/2020 school year.

19. Defendant also reassigned Good-Lewis to a less desirable position within the school corporation

20. Good-Lewis shared her concerns that she was being treated less favorably than other teachers with Human Resources and other supervisory staff.

21. Good-Lewis was not provided with a response to her complaints, nor was an investigation conducted.

22. Good-Lewis continued to be denied job opportunities.

23. Management staff also began to harass Good-Lewis by embarrassing and reprimanding her in front of colleagues, and by reprimanding her for conduct that she had not engaged in.

24. Plaintiff's reputation, relationship with colleagues, and work environment has been impaired by Defendant's unlawful actions.

V.  LEGAL ALLEGATIONS

COUNT I- RACE DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT

25. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-24.

26. Defendant engaged in discriminatory practices based on Plaintiff's race, in violation of Title VII.

27. Defendant violated Title VII by denying Plaintiff employment opportunities.

28. Defendant violated Title VII by subjecting her to continuous harassment and a hostile work environment and treating her less favorably than her non-African-American co-workers.

29. Defendant violated Title VII by subjecting her to different terms and conditions of employment.

30. Defendant's discriminatory actions were based on Plaintiff's race, African-American.

31. Defendant's actions were intentional, willful, and taken in reckless disregard of her legal rights as protected by Title VII.

32. Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II- SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

33. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-32.

34. Plaintiff was denied job opportunities based on her sex.

35. Plaintiff was subjected to different terms and conditions of employment based on her sex.

36. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT III- AGE DISCRIMINATION IN EMPLOYMENT

37. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-36.

38. Plaintiff was denied employment opportunities based on her age.

39. Plaintiff was subjected to different terms and conditions of employment based on her age.

40. Plaintiff was harassed and treated less favorably based on her age.

41. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Lolita Good-Lewis, by counsel, does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Award lost wages, front pay, and associated benefits due to the denial of employment opportunities as a result of Defendant's unlawful actions;

3. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions.

4. Award compensatory damages;

5. Award all costs and attorney's fees incurred as a result of pursing this action;

6. Award pre- and post-judgment interest in all sums recoverable; and

7. Award all other legal and/or equitable relief this Court deems just and proper.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____
Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

                                                      Respectfully submitted,
                                                    CURLIN & CLAY LAW,
                                                    ASSOCIATION OF ATTORNEYS

                                                    *s/Robin C. Clay*

                                                    _____
                                                    Robin C. Clay, 22734-49
                                                    8510 Evergreen Ave. Suite 200
                                                    Indianapolis, IN  46240
                                                    Telephone (317) 202-0301
                                                    Facsimile (317) 282-0688
                                                    E-mail: rclay@curlinclaylaw.com